[Civ. No. 3546. Second Appellate District, Division Two.—May 18, 1922.]

EDWIN S. MILLER, Appellant, v. F. L. POWELL, Respondent.

[1] EJECTMENT—ENTRY AND OUSTER—FINDING.—A finding in an action in ejectment that the defendant is not and has not been in the possession of the property in question disposes of the issue presented by the allegation of the complaint that the defendant entered the premises and ousted the plaintiff therefrom.

[2] ID.—DESCRIPTION OF PROPERTY—PLEADING—FINDING.—Where the plaintiff in an action in ejectment makes no allegation as to the boundary of the property by particular physical objects or lines, but describes it solely by government subdivisions, he cannot complain of a lack of finding of a description with reference to physical monuments.

APPEAL from a judgment of the Superior Court of San Diego County. S. M. Marsh, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. E. Burch, E. J. Henning and W. H. Wylie for Appellant.

Heskett, Sample & Harden for Respondent.

CRAIG, J.—This action is one in ejectment. By finding No. 1 the court found the plaintiff to be the owner of the property claimed by him and described in his complaint. It is to be noted that this description is only a legal one and does not locate the property of the plaintiff by metes and bounds or any physical objects upon the ground. It is as follows:

"The Southeast Quarter (S.E. ¼) of the Southwest Quarter (S.W. ¼); of the Southwest Quarter (S.W. ¼); also the North Half (N. ½) of the Southwest Quarter (S.W. ¼) of the Southwest Quarter (S.W. ¼); also the Northwest Quarter (N.W. ¼) of the Southwest Quarter (S.W. ¼); also West Half (W. ½) of the Southwest Quarter (S.W. ¼) of the Northwest Quarter (N.W. ¼); also the South Half (S. ½) of the Southwest Quarter

(S.W. 1/4) of the Northwest Quarter (N.W. 1/4) of the Northwest Quarter (N.W. 1/4) of Section Twenty-two (22), Township Fifteen (15) South Range Four (4) East of the San Bernardino Meridian, San Diego County, California."

In finding No. 4 the court further found, "and the court finds that the defendant herein is not now and has not been at any time in the possession of any of the real property owned by the plaintiff, or of which plaintiff is entitled to possession, and that as a consequence thereof, the plaintiff has sustained no injury or damage whatever from the defendant."

If the finding last quoted is justified by the evidence, the appellant cannot be entitled to the judgment prayed for (for restitution of the property and damages), and this finding, as all others, must be accepted as true, for the appeal is taken upon the judgment-roll alone.

[1] The appellant claims that the court failed to make any finding upon the issue presented by the following allegation of the complaint: "The defendant entered into and upon said premises and ousted the plaintiff therefrom. That the defendant has ever since unlawfully withheld from the plaintiff the possession thereof to plaintiff's damage, etc."

We think it clear that the part of finding No. 4 above quoted disposes of this issue and against the contention of appellant.

[2] Appellant further criticises the findings and judgment of the court because it is said that no attempt has been made to define or locate the land described in the complaint upon the ground with reference to physical monuments. In this regard the findings fully cover the issues presented by appellant's complaint. The judgment being predicated upon the findings, they properly keep within their scope in describing the appellant's property. Having made no allegation that his property is bounded by particular physical objects or lines between monuments, appellant cannot complain of a lack of a finding concerning such a matter.

Lastly, appellant complains because the court found that the respondent is the owner of certain property. The answer contains no allegation to that effect. Conceding, without deciding, that such a finding is without the issues

presented by the pleadings, it cannot have prejudiced plaintiff. The same is true of another finding, to which objection is made, in which the court asserts that the only controversy involved is the determination of the ownership of a certain strip of land.

Findings Nos. 1 and 4 preclude the plaintiff from recovering. They are not contradicted by the other findings. In view of them all, the judgment was properly rendered against the plaintiff and appellant.

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 17, 1922.

All the Justices concurred, except Wilbur, J., and Lennon, J., who were absent.

Shurtleff, J., was also absent and Richards, J., *pro tem.*, was acting.